47 CCPA

**Application of Karl L. HERRMANN.**

**Patent Appeal No. 6576.**

United States Court of Customs
and Patent Appeals.

May 24, 1960.

Joseph G. Denny, III, Philadelphia, Pa., for appellant.

Clarence W. Moore, Joseph Schimmel, Washington, D. C. (Jack E. Armore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 12 and 13 of appellant's application for a patent on an internal combustion engine. Claim 12, which is representative, is as follows:

"12. An internal combustion engine comprising, a housing, a shaft rotatable in the housing, the shaft having a cylindrical compression chamber therein and inlet and outlet ports at the ends of said compression chamber, a series of compression cylinders at one end of the housing, a series of combustion cylinders at the other end of the housing [in] axial alinement with the compression cylinders and the shaft, double headed pistons in the axially alined cylinders of the two series, a circular cam mounted on the shaft for rotation by the pistons, and a fuel flow control member on the shaft, said member having passages therein for fuel to the compression cylinders and passages for the fuel from the compression cylinders through the shaft compression chamber to the combustion cylinders."

The references relied on by the board are

Lind  1,610,060  December 7, 1926.
Hall  2,417,487  March 18, 1947.

Appellant's application discloses an internal combustion engine comprising two groups of cylinders uniformly spaced about a hollow shaft at its opposite ends, with their axes parallel to the shaft. One cylinder of each group is in axial alinement with the corresponding cylinder of the other group, and a double headed-piston is arranged in each pair of cylinders. A circular cam is mounted on the shaft between the groups of cylinders and is engaged by the pistons so that the shaft is rotated when the pistons are reciprocated.

The cylinders of one group are adapted to receive a combustible mixture, compress it and deliver it to the hollow portion of the shaft, while those of the other group receive the compressed mixture

---

1. United States Senior Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell*, pursuant to provisions of Section 294(d), Title 28, United States Code.

from the shaft. The mixture is burned in the conventional manner in the latter cylinders. Admission of the fuel to the shaft and its delivery therefrom are controlled by a suitable arrangement of rotating parts, the details of which are not involved here.

The Lind patent discloses an engine having the same general arrangement of groups of compression and combustion cylinders and pistons around opposite ends of a shaft as is shown in appellant's application. Line also shows a driving disk mounted on the shaft between the groups of cylinders and actuated by the pistons to rotate the shaft. The disk is mounted in a closed chamber and the compressed mixture from the compression cylinders passes through suitably controlled ports into the chamber and thence to the combustion cylinders.

The Hall patent also shows two groups of cylinders spaced about opposite ends of a shaft and containing pistons which drive the shaft by means of a cam spaced between the groups. In Hall's device, however, combustion takes place in all the cylinders and the fuel mixture is not supplied under compression but by suction, being drawn from a carburetor through the shaft, which is hollow, thence to the cylinders.

As noted by the board, each of the appealed claims states that the cylinders are in alinement with the shaft, whereas actually they are parallel with it. The board, however, did not reject on that ground, but stated that the error was obviously merely "inadvertent or typographical" and that the claim would be considered as if amended to avoid it, which appellant proposed to do by changing each of the appealed claims to state that the cylinders are parallel with the shaft. We shall accordingly consider the claims as if they had been so amended.

The claims were rejected on Lind on the ground that it would be obvious in view of Hall to make Lind's shaft hollow and to use it for transmitting the combustible mixture from the compression cylinders to the combustion cylinders. The board was of the opinion that the driving disk of Lind "appears to be accurately designated as a circular cam" within the meaning of the appealed claims. We agree with that position, and since appellant did not assign error with respect to it in his reasons of appeal and does not appear to controvert it here, it need not be further considered. The sole issue, therefore, is whether the Hall patent would suggest the use of a hollow shaft for transmitting the combustible mixture of the Lind patent from one group of cylinders to the other in the manner set forth in the appealed claims.

It seems to us that appellant's device presents a distinct advantage over that of Lind in that the fuel mixture in passing through appellant's hollow shaft does not lose velocity, as it does in entering Lind's relatively large cam chamber, nor does it come into contact with and dissolve the oil used to lubricate the cam mechanism, as the fuel mixture does in the Lind engine. The Patent Office does not appear to dispute that superiority.

While the Hall patent discloses the idea of passing a fuel mixture through a hollow shaft having two groups of cylinders mounted around it, the mixture is not under pressure and is not supplied from one group of cylinders to the other, as in appellant's device, but to the cylinders of each group. So far as pertinent to the instant claims, therefore, that patent merely shows that it is possible to feed a fuel mixture to an engine through a hollow shaft. Hall was not confronted with the problems which have been solved by appellant.

While the change made by appellant seems, in retrospect, to have been comparatively simple, we do not feel that it can properly be said to have been obvious within the meaning of 35 U.S.C. § 103. In view of the substantial differences between the construction and operation of the Lind and Hall engines, it is not likely that the latter would have been looked to for suggestions in solving problems arising in the former. Under such circumstances it becomes necessary to reverse the decision appealed from.

Reversed.